UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

CHARLES V. UPSHUR,            )
a/k/a CHARLES V. UPSHUR-BEY   )
                             )    Civil Action No. 7:10-00127-HRW
       Petitioner,           )
                             )
V.                           )
                             )    **MEMORANDUM OPINION**
UNITED STATES PAROLE         )       **AND ORDER**
COMMISSION, *et al.*,        )
                             )
       Respondents.

** ** ** ** **

Petitioner Charles V. Upshur, [1] confined in the United States Penitentiary Big

Sandy located in Inez, Kentucky, has filed a *pro se* petition seeking a writ of habeas

corpus under 28 U.S.C. § 2241.[2] Upshur challenges the United States Parole

Commission's ("USPC") calculation of his parole eligibility date. He has also filed

_____

[1]

In his petition, Upshur identifies himself as "Charles V. Upshur-Bey." However, his legal name is "Charles V. Upshur," according to the Bureau of Prisons' online "Inmate Locator" database, www. bop.gov (last visited on August 29, 2011, hard copy on file). The Clerk of the Court will be directed to modify the CM/ECF docket to reflect Upshur's legal name and to designate "Charles V. Upshur-Bey" as an alias designation.

[2]

Upshur filed his § 2241 petition in the United States District Court for the District of Columbia. On September 28, 2010, that court transferred his § 2241 petition here because Upshur is confined in this jurisdiction, the Warden of USP-Big Sandy is located in this district, and under 28 U.S.C. § 2243, a writ of habeas corpus "shall be directed to the person having custody of the person detained." *See* Order, [D. E. No. 2]. For unknown reasons, the case was not actually transferred here until October 20, 2010, at which time it was docketed in this Court. [D. E. No. 13].

a motion seeking an Order requiring the United States Marshals Service ("USMS") to subpoena witnesses  [D. E. No. 17].

As Upshur has paid the $5.00 filing fee, the case is properly before the Court for screening.  *See* 28 U.S.C. § 2243.  At the screening phase, the Court has a duty to dismiss any petition that "is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself without need for consideration of a return."  *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (citations omitted).  As explained below, the Court will dismiss some of Upshur's § claims, order the USPC to respond to other claims, dismiss without prejudice Upshur's claims against Respondent Janice Bradford and deny as moot his motion to have the USMS subpoena witnesses.

## CLAIMS ASSERTED

Upshur, a District of Columbia ("D.C.") prisoner, alleges that by failing to take into account his earned good-time credits ("GTC") , the USPC has unlawfully refused to consider him for early parole according to the guidelines for prisoners convicted under the D.C. Code.  Upshur further alleges that Respondent Janice Bradford, USPC Correspondence Specialist, violated his right to due process of law by preventing him from applying to the USPC for early release consideration.

2

## UPSHUR'S D.C. CRIMINAL CONVICTIONS

On December 10, 1990, Upshur was convicted in the D.C. Superior Court of armed robbery and related charges and received a 28-year prison term. *See* Judgment and Commitment Order in Case No. F9179-90 [D. E. No. 9-2, p.2] and June 21, 2010, Sentence Monitoring Computation Data ("SMCD") [D. E. No. 9-3, p. 2].

On the same date, December 10, 1990, in a separate case, the D.C. Superior Court also sentenced Uphur to a prison term of 24 years in prison for Assault with a Dangerous Weapon and Robbery, and ordered the sentence to run consecutive to his prior sentence. *See* SMCD, [*Id.*, p.3, referencing Case No. F12972-90].

On April 18, 1994, the D.C. Superior Court sentenced Upshur to life in prison for Murder II While Armed, to run consecutively to his previous sentences. *See* 4/18/94, Judgment and Commitment Order in Case No. F5908-93 [D. E. No. 9-4, p. 2] and SMCD [D. E. No. 9-3, p. 4, referencing Case No. F5908-93].

Given the length of those sentences, the D.C. Department of Corrections aggregated Upshur's prison terms to 32 years and 4 months, with a mandatory minimum term of 10 years. *See* SMCD, [D. E. No. 9-3, p. 5]. According to the SMCD, GTC do not apply to Upshur, and he will not become parole eligible until August 18, 2015.[3]  [*Id.*, stating "Statutory Good Time Rate. . . . .N/A," and "Parole

---

[3]      Jurisdiction over D.C. Code offenders, was transferred to the USPC  On August 5, 1998, the

3

Eligibility. . . . 08-18-2015"].

## ALLEGATIONS OF THE § 2241 PETITION

Upshur states that while confined in "Sussex II Prison," he completed the 10-year mandatory minimum term of his aggregated sentence, and that at that time, he

> . . .sent a request to the USPC to petition the court for a reduction of the sentence imposed, when request was not fulfilled Petitioner filed a reduction of sentence on his own. In 2002, the request was denied."

[D. E. No. 1, p. 3].

Upshur alleges that because he has completed the non-parolable part of his aggregated sentence, and because he has completed certain programs through which he is eligible to earn GTC, he is therefore eligible to be considered for early parole. Upshur alleges that his sister attended the "Community Reentry and Expungement Summit 2009," in order to learn if D.C. prisoners are eligible to receive GTC for completing "programs" and if so, whether the USPC would consider them for early parole. [*Id.*].

Upshur states that his sister was informed that the GTC which he had earned had been applied to his sentence and that his parole date had been moved up to 2014.

---

USPC assumed jurisdiction over District of Columbia Code offenders sentenced to parolable sentences, and over D.C. parolees, pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997, Public Law No. 105-33, § 11231(a)(1), 111 Stat. 712, 745 (effective August 5, 1998). *See also* D.C. Code 24-409; D.C. Code Ann. § 24-131(a) (formerly § 24-1231); *Franklin v. District of Columbia*, 163 F.3d 625, 632 (D.C. Cir. 1998).

[*Id.*].  Upshur further alleges that on June 26, 2009, his sister contacted Mr. Steve Nassco of the USPC, who informed her that he (Upshur) was in fact eligible to be considered for early parole; that Upshur's Case Manager needed to send the USPC an application for early release consideration; and that she (Upshur's sister) should call back and speak directly to Correspondence Specialist Janice Bradford.  [*Id.*, p. 4].  Upshur alleges when his sister contacted Bradford, "Her conversation with Bradford produced the same results as the one held with Mr. Nassco."  [*Id.*].

Upshur states that he mailed two letters to the USPC in which he asked them to place his request for early parole consideration on their August 2009 hearing docket at USP-Big Sandy.  [*Id.*, pp. 4-5].  Upshur alleges that in both letters he explained that he had completed educational and vocational programs while at USP-Big Sandy.  [*Id.*, p. 5].  Upshur did not specify when he sent those letters.[4]

Based on Nassco's and Bradford's verbal representations to his sister, on August 3, 2009, Upshur asked Josette Snyder, his Case Manager at USP-Big Sandy, to submit an application to USPC requesting that it place his request for early parole consideration on its August 2009 docket at USP-Big Sandy.  [*Id.*].  When Snyder inquired of Bradford as to how to submit the application on Upshur's behalf,

---

[4]

Based on Bradford's reply letter of September 23, 2009, [D. E. No. 1, p. 14], discussed *infra*, it appears that Upshur sent at least one letter to the USPC on July 7, 2009.

Bradford sent Snyder an e-mail stating that she (Snyder) could not " ' submit an application form or mini-file until Petitioner is six or nine (9) months prior to February 2015 initial parole hearing that is scheduled.' " [*Id.*]; *see also* e-mail hard copy, [*Id.*, p. 15]. Upshur states that a few days later, Mrs. Snyder informed him that Mrs. Bradford told her that she (Snyder) could not provide Upshur with the documentation to request early parole consideration. [*Id.*, p. 5].

On September 23, 2009, Bradford sent a letter to Upshur, in which she acknowledged his "letter of July 7, 2009" [D. E. No. 1, p. 14]. Bradford informed Upshur that he is not eligible for parole until August 18, 2015; that he should apply for parole in February 2015, which is six (6) months prior to his eligibility date; that at that time, he should obtain the parole application form from his case manager and submit it, along with a mini-file containing information about his case, to the USPC; and that when the USPC had received all relevant information and reviewed his file, it would confirm his application on a docket . [*Id.*]. Bradford also stated that the USPC would not be able to maintain Upshur's July 7, 2009, letter because it ". . .has not received a mini-file containing information about your case . . . ." [*Id.*].

Upshur alleges that the USPC has violated his right to due process of law by refusing to: (1) consider him for early parole according to the guidelines for prisoners convicted under the D.C. Code and/or (2) seek a reduction of his minimum sentence

6

in the D.C. Superior Court, where he was sentenced, under the relevant D.C. Guidelines. Upshur further alleges that Respondent Janice Bradford violated his right to due process of law by: (1) refusing to allow Snyder to submit to the USPC an application and "mini-file" on his behalf, through which the USPC could consider his request for early parole consideration, and (2) refusing to place him on the USPC's August 2009 docket for parole hearings at USP-Big Sandy.

## DISCUSSION
### 1. Good Time Credits

Upshur's claim, that the USPC should apply GTC to his sentence because he completed various educational and vocational programs, lacks merit. According to the SMCD, Upshur's aggregated minimum term is 32 years and his combined mandatory minimum term was 10 years, and he is currently eligible for parole on August 18, 2015 [D. E. No. 9-3, p. 5].[5] However, the SMCD identifies Upshur's "Expiration Full Term Date," (also referred to as the "full term release date,") which is the date on which he will complete serving his sentence with consideration for good time, as "LIFE."

---

[5]     The SMCD reflects that Upshur has received, or will receive, 111 days of jail credit. [*Id.*] Upshur's maximum term is not reduced by the jail credit time because he received a life sentence. Program Statement ("P.S.") 5880.32, *District of Columbia Sentence Computation Manual*, Section 52.10 indicates that, in this situation, jail credit time is deducted from the minimum sentence to determine parole eligibility.

Title 18 U.S.C. § 4161 provides "[e]ach prisoner convicted of an offense against the United States and confined in a penal or correctional institution for a definite term other than for life, whose record of conduct shows that he has faithfully observed all the rules and has not been subjected to punishment, shall be entitled to a deduction from the term of his sentence."

However, Upshur is serving an indeterminate sentence of life in prison. The USPC has set a presumptive parole date for him, but it can change its determination at any time up until Upshur's release. An "indeterminate sentence" is one for the maximum period imposed by the court, subject to termination by the USPC at any time after the prisoner serves the minimum period. *Kinard v. O'Brien*, 7:07-CV-00601, 2008 WL 2095112, *5 (W.D. Va. May 16, 2008). D.C. sentences are indeterminate, a result which occurs by operation of law. *Id.*; *see also Fields v. Keohane*, 954 F.2d 945, 948 n. 3 (3rd Cir. 1992) (noting the distinction between determinate federal sentences and indeterminate district sentences); *Story v. Rives*, 97 F.2d 182 (D.C. Cir. 1938). Because Upshur is serving an indeterminate sentence, § 4161 is inapplicable to him.

Upshur is also precluded from receiving good time credits and having them applied toward his sentence under either 18 U.S.C. §§ 4161 or 4162 because the D.C. Superior Court sentenced him to a life sentence. *See Escamilla v. Outlaw*, No.

1:06-CV-81, 2008 WL 686707, at *4 (E.D. Tex. Mar. 10, 2008) (finding that petitioner was not entitled to good conduct time credits pursuant to 18 U.S.C. §§ 4161, 4162 because he was serving a life sentence); *see also Robinson v. Clark*, 278 F.Supp. 559, 560 (N.D. Ga. 1967) (noting that the language of 18 U.S.C. § 4162 means "without regard to length of sentence" only where a term other than a life sentence, but not a life term, is involved).

### 2. Parole Eligibility and Sentence Reduction

Upshur states that he has completed the mandatory minimum 10-year sentence portion of his aggregated sentences. At this time, the following issues are unclear:

(1)     Whether D.C. Code 24-403 requires the USPC to consider Upshur for parole at this time, as opposed to waiting until 2015, because he has allegedly completed his mandatory minimum 10-year sentence and various educational and rehabilitation programs;

(2)     Whether the USPC should apply to the D.C. sentencing court for a reduction of Upshur's minimum sentence under D.C. Code § 24-401(c), based upon Upshur's alleged completion of various educational and rehabilitation programs, or if the USPC has refused to do so, the reason(s) for the refusal;[6]

---

[6]

    D.C. Code § 24-401(c), which governs indeterminate sentences and paroles, provides in relevant part:

(3)     Whether the USPC has scheduled Upshur for an initial parole hearing

in February 2015;

(4)     Whether the USPC has scheduled Upshur for a 15-year reconsideration

hearing in February 2015 (six months prior to his August 18, 2015, parole eligibility

date),[7] and if so, whether such action complies with 28 C. F. R. § 2.14 (a)(1)(iii);[8] and

---

> When by reason of his training and response to the rehabilitation program of the
> [D.C.] Department of Corrections it appears to the Board [of Parole] that there is a
> reasonable probability that a prisoner will live and remain at liberty without violating
> the law, and that his immediate release is not incompatible with the welfare of
> society, but he has not served his minimum sentence, the Board of Parole in its
> discretion **may** apply to the court imposing sentence for a reduction of his minimum
> sentence.  The court shall have jurisdiction to act upon the application at any time
> prior to the expiration of the minimum sentence and no hearing shall be required. .
> . ."

D.C. Code § 24-401c (emphasis added).

Upshur correctly notes that in *Cosgrove v. Thornburgh*, 703 F. Supp. 995 D.D.C. 1988), the
court held that pursuant to D.C. Code § 24-409, the USPC must utilize and apply all of the laws and
regulations of the D.C. Board of Parole concerning parole issues affecting D.C. inmates and parolees.
*Id.*, at 1004.  However, the above statute provides only that the D.C. Board of Parole "may," not
"must or "shall," apply to the D.C. sentencing court for a reduction of the prisoner's  minimum
sentence.  In this case, Upshur alleges that in 2002, he asked the USPC to seek a reduction of his
minimum sentence, but that the USPC denied his request.  The USPC may have determined that
Upshur did not satisfy the criteria set forth in D.C. Code § 24-401c.

[7]

Bradford stated in her letter, [D. E. No. 1, p. 14], that Upshur should submit his request in
February 2015, which would be **six** months prior to his parole eligibility date of August 18, 2015.
However, subsection § 2.14(a)(1)(iii) dictates that an interim hearing should be scheduled **nine**
months prior to the month of parole eligibility, which in Upshur's case would be November 2014,
not February 2015.

[8]

Title 28 C.F.R. § 2.14 (a)(1)(iii) states as follows:

10

(5)    Whether at the February 2015 parole hearing, or at a parole hearing scheduled on a prior date which conforms to 28 C. F. R 2.14(a)(1)(iii), Upshur can seek a "superior achievement award" for completion of educational and/or rehabilitative programs as provided in 28 C.F.R. 2.60.

The USPC will be directed to respond to these issue and clarify the record as to Upshur's claims.  Accordingly, Upshur's "Motion for Order to have Marshal Subpoena Witnesses" [D. E. No. 17] will be denied as moot.

### 3. Constitutional Claims Against Janice Bradford

Upsher alleges that Respondent Janice Bradford violated his Fifth Amendment right to due process of law by preventing Case Manager Snyder from submitting, on his behalf, a request to the USPC through which he could seek early release consideration.  To that extent, Upshur asserts a condition of confinement claim, not a claim that can be redressed in a § 2241 petition for writ of habeas corpus challenging the execution of his sentence.

Upshur cannot seek relief from the conditions of his BOP confinement in a §

---

(iii) **In the case of a prisoner with an unsatisfied minimum term,** the first interim hearing shall be scheduled under paragraphs (a)(1)(i) or (ii) of this section, or on the docket of hearings that is **nine months prior to the month of parole eligibility,** whichever is later.

28 C.F.R. § 2.14(a)(1)(iii) (emphasis added).

11

2241 petition. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004). If Upshur intends to pursue such claims against Bradford, he must assert them in a civil rights action filed under 28 U.S.C. § 1331, pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and pay the $350.00 filing fee either in full or, if he qualifies for pauper status, in installments. Prior to filing a *Bivens* action asserting the claims he raised in this action, Upshur must have fully completed the BOP's administrative remedy process, set forth in 28 C.F.R. §§ 542.13-15.

Upshur's Fifth Amendment due process claims against Respondent Janice Bradford will be dismissed without prejudice to filing a *Bivens* action, and the Clerk will be directed to terminate her as a respondent to this proceeding.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1)     The Clerk of the Court is directed to:  (1) modify the CM/ECF system to reflect that the petitioner's legal name is "Charles V. Upshur," and (2) designate "Charles V. Upshur-Bey" as an alias designation in the CM/ECF system.

(2)     Upshur's Fifth Amendment due process claims against Respondent Janice Bradford are **DISMISSED WITHOUT PREJUDICE**; Bradford is **TERMINATED** from this action; and the remaining Respondent shall be the United

States Parole Commission;

     (3)    Upshur's "Motion for Order to have Marshal Subpoena Witnesses" [D. E. No. 17] is **DENIED** as **MOOT**;

     (4)    The Clerk of the Court shall serve, by certified, a copy of the § 2241 petition [D. E. No. 1] and this Memorandum Opinion and Order, on:

         (a)    Isaac Fulwood, Jr., the Chairman of the United States Parole Commission , 90 K Street, N. E., Third Floor, Washington, D.C., 20530;

         (b)    the Attorney General for the United States; and

         (c)    the United States Attorney for the Eastern District of Kentucky.

     (5)    The Respondent shall answer or otherwise defend within sixty (60) days from the date of the date of entry of this Order. *See* FED R. CIV. P. 12(a)(2). Respondent shall also file with his Answer or Response all relevant documentary evidence which bears upon the allegations contained in the § 2241 petition.

     (6)    Upon entry of a Response herein or upon the expiration of the sixty- day period set forth above , the Clerk of the Court shall submit the record.

     (7)    Upshur must keep the Clerk of the Court informed of his current mailing address.  Failure to notify the Clerk of any address change may result in a dismissal of this case.

     (8)    For any pleading or other document he wishes to submit for

13

consideration by the court, Upshur shall serve upon the Respondent, or, if appearance has been entered by counsel, upon the attorney, a copy of the pleading or other document. Upshur shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to the Respondent or counsel. **If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk or which has been filed but fails to include the certificate of service of a copy, as above, the Court will disregard the document**.

This 15th day of September, 2011.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge

14