UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

| | | |
|---|---|---|
| CHARLES V. UPSHUR,<br>a/k/a CHARLES V. UPSHUR-BEY | )<br>)<br>) | Civil Action No. 10-127-HRW |
| Petitioner, | )<br>) | |
| V. | )<br>) | |
| UNITED STATES PAROLE<br>COMMISSION, *et al.*, | )<br>)<br>) | **MEMORANDUM OPINION<br>AND ORDER** |
| Respondents. | )<br>) | |

\*\* \*\* \*\* \*\* \*\*

Charles V. Upshur is an individual confined in the United States Penitentiary - Big Sandy located in Inez, Kentucky. Upshur, proceeding without counsel, filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2241, to challenge the Bureau of Prisons' calculation of his parole eligibility date. [D.E. No. 1]

The Court has previously dismissed some of Upshur's claims, permitted others to proceed, and ordered the United States Parole Commission to file a response to the remaining claims, including a response to five specific questions posed to it by the Court.[1] [D.E. No. 18] The Commission has filed its response to the petition. [D.E.

---

[1] A more complete factual and legal background of this case is set forth in the Court's September 15, 2011, Memorandum Opinion and Order [D.E. No. 18] which is incorporated by reference. The Court sets forth only such facts here as are necessary for decision.

No. 23] Upshur then replied to the Commission's response, and the Commission has filed a supplemental response. [D.E. No. 27, 30] This matter is now ripe for review.

Upshur, convicted in the District of Columbia ("D.C."), claims that the Commission has violated his right to due process by refusing: (1) to consider him for early parole according to the guidelines for prisoners convicted under the D.C. Code and, (2) to seek a reduction of his minimum sentence in the sentencing court, the D.C. Superior Court, under the relevant D.C. guidelines. Upshur also claims that the Commission has miscalculated his parole eligibility date ("PED") by failing to credit his sentence with the correct amount of good-time credits ("GTC"). He contends that when the correct amount of GTC is applied to his sentence, his PED would be sooner than the PED of August 18, 2015, as determined by the Commission.

In his habeas petition, Upshur requests the Court to direct the Commission (1) to grant him a hearing for early parole consideration, (2) to grant him a yearly rehearing, if he is not granted early release on parole at the initial parole hearing, and (3) to petition the sentencing court for a reduction of his sentence.

## UPSHUR'S D.C. CRIMINAL CONVICTIONS

On December 10, 1990, Upshur was convicted in the D.C. Superior Court of armed robbery and related charges and received an indeterminate sentence of 10 years and four months to 28 years of imprisonment, with a mandatory minimum 5-year

prison term. *See* Judgment and Commitment Order in Case No. F9179-90, [D.E. No. 9-2, p. 2]; June 21, 2010, Sentence Monitoring Computation Data ("SMCD"), [D.E. No. 9-3, p. 2]. On the same date, December 10, 1990, in a separate case, F12972-90, in the D.C. Superior Court, Upshur was convicted of Assault with a Dangerous Weapon and Robbery and received an indeterminate sentence of 8 years to 24 years imprisonment, ordered to run consecutively to the sentence imposed in Case No. F9179-90. *See* SMCD, [*Id.*, p. 3, referencing Case No. F12972-90]. Subsequently, on April 18, 1994, Upshur was convicted in the D.C. Superior Court for Murder II While Armed and received an indeterminate sentence of 15 years to life in prison, with a mandatory minimum 5-year prison term, to run consecutively to his previous sentences. *See* 4/18/94, Judgment and Commitment Order in Case No. F5908-93E, [D.E. No. 9-4, p. 2; SMCD, D.E. No. 9-3, p. 4, referencing Case No. F5908-93E].

## ANALYSIS

### A.   D.C. Good Time Credits Act of 1986

The D.C. Good Time Credits Act of 1986 (the "Act") became effective on April 11, 1987, and was applicable for all D.C. Code offenses committed on or after that date and to sentences then being served, but only from its effective date, April 11, 1987. The Act repealed D.C. Code § 24-405 and replaced it with D.C. Code § 24-428, Institutional Good Time, which concerned the accrual of Institutional Good

Time ("DCIGT") that could be earned based on good conduct. Under the Act, prisoners like Upshur serving an aggregate term of ten years or more earned ten days of DCIGT credits for each month of good conduct while incarcerated. D.C. Code § 24-428(a)(5), (6).

**B.   Upshur's aggregated sentences**

Because Upshur's sentences run consecutively they are aggregated to calculate the rate at which he earns DCIGT. D.C. Code § 24-428(a)(6).[2] *Bryant v. Civiletti*, 663 F.2d 286, 290 (D.C. Cir. 1981) (interpreting and applying 18 U.S.C. § 4161(repealed), a federal statute functionally identical to D.C. Code § 24-428); BOP Program Statement No. 5880.32, Chapter 20 (aggregation/non-aggregation of sentence). In *Bryant*, the D.C. Circuit analyzed the matter this way:

> This statute [18 U.S.C. § 4161] recognizes what is implicit in the system of penal servitude, that the aggregate minimum time to be served on consecutive sentences constitutes the basis upon which the length of the sentence shall be considered in determining the earliest date for parole eligibility. The hands of the Parole Commission are tied by Bryant's sentence for two murders under D.C. Code § 22-2204, *supra*. Common sense also dictates that consecutive sentences would be aggregated at their minimums in determining the earliest parole date even if the statute did not so provide. It would be a complete waste of time for a parole board to consider a prisoner's eligibility for parole if he could not be released because he had a substantial minimum sentence yet to serve

---

[2] D.C. Code § 24-428 was repealed as of June 22, 1994, but still applies to prisoners like Upshur whose offense conduct was committed while it was in effect.

4

before he was eligible for parole - such as Bryant's 40 years, on his two murder convictions.

*Bryant*, 663 F.2d at 290 (footnote omitted).

The same analysis applies to the all-but-identical D.C. Code § 24-428 and to Upshur's sentences which are governed by that section. As noted in the SMCD, his life sentence is consecutive to the earlier sentences. Pursuant to D.C. Code § 24-428, the D.C. Department of Corrections aggregated Upshur's consecutive prison terms to a minimum sentence of 32 years and 4 months, with a mandatory minimum term of 10 years. *See* SMCD, [D.E. No. 9-3, p. 5]. The separate sentences cannot be broken down into separate sentences for purposes of parole eligibility. As the D.C. Circuit noted in *Bryant*, it would be a "purely useless exercise" to conduct a parole hearing after petitioner completed service of the minimum term of the first constituent sentence, before he has also served the minimum term of his consecutive sentences.

## C.     Upshur's Parole Eligibility Date (PED)

Upshur does not contest the length of his aggregated minimum sentence. His contends that the Commission has failed to award him the correct amount of good time credits to be deducted from his aggregated minimum sentence, resulting in an erroneous PED. Upshur submits that when the correct amount of good time is taken

5

into consideration, he is entitled to a PED prior to August 18, 2015, the present PED established by the Commission.

Parole-eligible prisoners are entitled to earn credit for complying with institutional rules, commonly known as "good time credits." For D.C. Code offenders convicted for offense conduct occurring between November 1, 1987 and June 22, 1994, these credits are called Institutional Good Time, and are awarded pursuant to D.C. Code § 24-428 (repealed). Prisoners accrue this credit (DCIGT) at different rates depending on the length of their sentences. D.C. Code § 24-428(a). DCIGT is ordinarily applied against both the minimum and the maximum term a prisoner is required to serve. D.C. Code § 24-428(b); BOP Program Statement No. 5880.33, § 12.1(a); however, no GTC is given for any *mandatory minimum* term. *Cf.* BOP Program Statement No. 5880.33 § 16.14.

Upshur's aggregated minimum sentence is 32 years and 4 months, but 10 years of this sentence is a *mandatory minimum* sentence under D.C. law, from which no DCIGT can be deducted. Thus, Upshur is eligible to receive DCIGT credit of 10 days per month for a period of 22 years and 4 months (the aggregated minimum term less the 10-year mandatory minimum). 22 years and 4 months equals 268 months. Therefore, Upshur is entitled to 2,680 days of DCIGT. D.C. Code § 24-428(a)(5); BOP Program Statement No. 5880.33, § 16.17(b).

The commencement date of Upshur's aggregated minimum sentence is his initial sentencing date, December 10, 1990.[3] Upshur would have served the 10-year mandatory minimum sentence as of December 10, 2000. If no DCIGT were applied to the remainder of his aggregated minimum sentence (22 years and 4 months), this sentence would expire on April 10, 2023. When 2,680 days DCIGT are credited to this sentence, Upshur's parole eligibility date is advanced to December 5, 2015. When the jail time credit of 111 days for his pre-sentencing confinement (from August 21, 1990 through December 9, 1990) is also deducted from this sentence, its expiration date becomes August 18, 2015. *See* SMCD, [D.E. No. 23-3, p. 4].

It is clear that Upshur has been given the correct amount of DCIGT on that portion of his aggregated minimum sentence to which it may be applied (22 years and 4 months) and that the Commission has correctly determined that his PED is August 18, 2015. Until then, he is not parole eligible, and there would be no point to conduct a parole hearing prior to August 18, 2015. His arguments to the contrary are without merit.

---

[3] Additionally, Upshur was given jail credit time of 111 days (from August 21, 1990 through December 9, 1990) for time served prior to sentencing.

**D.  Request for a reduction of his minimum sentence**

Upshur requests the Court to direct the Commission to petition the sentencing court for a reduction of his sentence. His request is premature, as Upshur has made no request to the Commission to seek a reduction of sentence in the sentencing court, and there has been no decision by the Commission denying that request. There is simply no final agency action for the habeas court to consider at this time.

Upshur must first request the Commission to ask the sentencing court for a reduction of his sentence. If the Commission denies his request and he exhausts his administrative remedies, then he would have standing to seek judicial review of the Commission's decision. *See McKart v. United States*, 395 U.S. 185, 194-95 (1969); *Darr v. Burford*, 339 U.S. 200, 218-19 (1950).

## CONCLUSION

Upshur's claim that the Commission has violated his right to due process of law by refusing: (1) to consider him for early parole according to the guidelines for prisoners convicted under the D.C. Code, and (2) to seek a reduction of his minimum sentence in the D.C. Superior Court is without merit. Upshur must first request the Commission to petition the sentencing court for a reduction of sentence and, if the Commission denies that request, then Upshur could seek judicial review of the

Commission's denial decision, after exhausting his administrative remedies. Until then, he lacks standing to assert such a claim in a habeas petition.

Further, his claim that the Commission has failed to apply the correct amount of good time credits to his aggregated minimum sentence in determining his Parole Eligibility Date is without foundation.

Accordingly, **IT IS ORDERED** as follows:

(1)   Petitioner Charles V. Upshur's habeas petition [D. E. No. 1] is **DENIED**.

(2)   The Court will enter an appropriate judgment.

(3)   This matter is **STRICKEN** from the active docket.

This the 26th day of June, 2012.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge